## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RONALD J. PIEMONTE, SUZZANNE E. PIEMONTE, MARIANNE A. WILLIS, and WILLIAM J. WILLIS,** *individually and on behalf of all others similarly situated*, <br><br> **Plaintiffs,** <br><br> v. <br><br> **VIKING RANGE, LLC,** *et al.* <br><br> **Defendants.** | Civ. No. 2:14-cv-00124 (WJM) <br><br> **OPINION** |

### WILLIAM J. MARTINI, U.S.D.J.:

Plaintiffs Ronald J. Piemonte, Suzzanne E. Piemonte, Marianne A. Willis, and William J. Willis filed this putative class action against Viking Range, LLC ("Viking"), The Middleby Corporation ("Middleby," and together with Viking, "Defendants"), and other entities not currently relevant. This Court dismissed without prejudice Plaintiffs' complaint. Plaintiffs have now filed an amended complaint. Two motions are presently pending. First, Plaintiffs move for reconsideration of the Court's prior decision. Second, Defendants move to dismiss Plaintiffs' amended complaint under Federal Rule of Civil Procedure 12(b)(6). There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Plaintiffs' motion for reconsideration is **DENIED** and Defendants' motion to dismiss is **GRANTED**.

### I.    BACKGROUND

The Court writes primarily for the benefit of the parties and assumes familiarity with the facts described in the Court's February 2015 opinion.[1]

The newly-alleged facts in Plaintiffs' amended Complaint are as follows. Viking sought to create and sell the "Viking Experience," a luxury brand experience synonymous with an elite lifestyle. Compl. ¶¶ 14-18, ECF No. 51. A 2006 Fortune Magazine ranking placed Viking among the most sought after brands in the United

---

[1] *See Piemonte v. Viking Range, LLC*, No. 2:14-CV-00124, 2015 WL 519144 (D.N.J. Feb. 9, 2015).

States; a 2007 Time Magazine article quotes Viking representatives as stating that, "Viking is an icon," and that, "Viking consumers . . . want opportunities to engage in the lifestyle"; and a 2010 Dwell Strategy and Research study recognized Viking's experience-based brand as one that remained relevant to consumers during the recession. *Id*. at ¶ ¶ 19-23.  Viking states on its website that it is "committed to being a best-in-class organization with quality people nurturing a zero-defect philosophy."  *Id*. at ¶ 26.  On its website, Viking also lists design awards won for its refrigerator, but makes no mention of the refrigerator's performance.  *Id*. at ¶ 28.

While Viking was maintaining a public perception of excellence, it was simultaneously concealing its refrigerator's defects.  *Id*. at ¶ 29.  Despite Viking's knowledge of past injuries due to door hinge failures, the company did not advise the purchasing public of any potential hazard.  *Id*. at ¶ ¶ 30-33.

When the Piemonte and Willis Plaintiffs purchased their refrigerators, the sales representatives told each party that Viking made premier refrigerators.  *Id*. at ¶ ¶ 46, 83. Neither refrigerator contained any warnings of design defects, nor did the salespeople provide any cautionary messages.  *Id*. at ¶ ¶ 48, 85.  Had the Piemontes been fully apprised as to the inferior quality of the Viking refrigerator, they would not have purchased the refrigerator.  *Id*. at ¶ 81.  The Willis Plaintiffs "no longer trust . . . Viking products and have refused to have a replacement refrigerator installed in their home."  *Id*. at ¶ 93.

Finally, Plaintiffs allege that the claims of the named Plaintiffs "reflect precisely the range of claims which could be presented by Class members," and that the putative class members all have in common "the possession of a recalled refrigerator."  *Id*. at ¶ ¶ 95, 97.

## II.   DISCUSSION

In their complaint, Plaintiffs asserted claims under the New Jersey Consumer Fraud Act, N.J. Stat. Ann. 56:8-1, *et seq.* (the "CFA") (herein, "Count I" or the "CFA claim") and the New Jersey Products Liability Act, N.J. Stat. Ann. 2A-58C *et seq.* (the "PLA") (herein, "Count II" or the "PLA claim").  The Court dismissed Plaintiffs' CFA claim because it was subsumed by the PLA, and dismissed Plaintiffs' PLA claim for failure to satisfy Rule 23(b)'s predominance requirement.  *Piemonte*, 2015 WL 519144 at *3-4.

Plaintiffs now move for reconsideration of the Court's decision, and have amended their complaint.  Defendants separately move to dismiss Plaintiffs' amended complaint. Each motion is addressed in turn below.

### A.  Motion for Reconsideration

Plaintiffs argue that the Court should grant their motion for reconsideration because the Court's ruling contains errors of law and fact. Specifically, Plaintiffs claim that: (1) the Court inaccurately stated that Defendant Middleby is a local dealer of Viking products, when Middleby is actually Viking's parent company; (2) the Court overlooked controlling case law supporting their contention that the CFA claim is a representation-based claim not within the PLA's purview; and (3) the Court erred in concluding that predominance was not satisfied.

A motion for reconsideration should not be treated as an appeal of a prior decision. *See Morris v. Siemens Components, Inc*., 938 F. Supp. 277, 278 (D.N.J.1996) ("A party's mere disagreement with a decision of the district court should be raised in the ordinary appellate process and is inappropriate on a motion for reargument"). It is improper for the moving party to "ask the court to rethink what it ha[s] already thought through – rightly or wrongly." *Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990) (internal citations and quotation marks omitted). A motion for reconsideration may be granted only if: (1) there has been an intervening change in the controlling law; (2) new evidence has become available since the court granted the subject motion; or (3) it is necessary to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café by Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). Manifest injustice pertains to situations where a court overlooks some dispositive factual or legal matter that was presented to it. *See In re Rose*, No. 06–1818, 2007 WL 2533894, at *3 (D.N.J. Aug. 30, 2007).

Here, the Court did not make any clear errors as to any dispositive factual or legal matter. First, Plaintiffs correctly assert that the Court mischaracterized Defendant Middleby as a vendor instead of Viking's parent company. But Middleby's role as Viking's parent company does not alter the disposition of the case. Thus, reconsideration is unwarranted. *See Interfaith Cmty. Org. Inc. v. PPG Indus., Inc*., 702 F. Supp. 2d 295, 318 (D.N.J. 2010) (finding that the evidence submitted by movant did not alter the disposition of the case, and therefore reconsideration was not warranted). Second, the Court explicitly rejected Plaintiffs' assertion that its CFA claim was representation based. *See Piemonte*, 2015 WL 519144 at *3 ("Plaintiffs argue that the PLA does not subsume their CFA claim because their claim is 'representation-based.' However, Plaintiffs have not identified any specific representations made by Viking to them . . . Thus, the PLA subsumes Plaintiffs' CFA claim[.]"). The Court has already considered the case law Plaintiffs submitted in connection with the claim. Plaintiffs may not use a motion for reconsideration to re-litigate this issue. *See Oritani*, 744 F. Supp. at 1314. Third, the Court rejected Plaintiffs' contention in their Complaint that predominance was satisfied. *See Piemonte*, 2015 WL 519144 at *4 (finding that Plaintiffs had failed to allege that causation and damages were capable of proof through common evidence as required by Rule 23(b)). Plaintiffs' "disagreement with [the Court's] conclusion on that issue is not a valid ground for reconsideration." *Interfaith v. PPG Indus*., 702 F. Supp. 2d at 318.

Because Plaintiffs have failed to present any clear error of law or fact and have not shown that reconsideration is necessary to prevent manifest injustice, the Court will deny their motion.

### B.  Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).  In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008).  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Id.*

### i.  The CFA Claim (Count I)

The Court previously determined that Plaintiffs did not present a separate, representation-based claim under the CFA because Plaintiffs failed to identify any specific representations made by Viking to them. *Piemonte*, 2015 WL 519144 at *3 (citing *New Hope Pipe Liners, LLC v. Composites One, LCC*, No. 09-3222, 2009 WL 4282644, at *3 (D.N.J. Nov. 30, 2009) (A representation-based claim is one that "deal[s] with the situation where a product does not conform to specific representations made directly to the buyer.")).  Plaintiffs still fail to identify any such representations.

The gravamen of Plaintiffs' revamped CFA claim is that Viking promoted a public perception of excellence, knowing all along that there was a dangerous defect with its refrigerators.  In support of this theory, Plaintiffs cite various magazine articles, market research reports, statements made by sales representatives to Plaintiffs, statements made in publications by Viking representatives, and the contents of Viking's website.  Compl. at ¶ ¶ 19-28, 46, 83.

The statements in magazine articles and market research reports and those made by sales representatives are all statements by third parties and not actionable. *See generally Carrier v. Bank of Am., N.A.*, No. CIV. 12-104, 2014 WL 356219, at *5 (D.N.J. Jan. 31, 2014) *aff'd sub nom. Carrier v. Bank of Am. NA*, 592 F. App'x 135 (3d Cir. 2015) ("Plaintiffs must show the existence of an 'apparent agency' relationship to impute the alleged false statements made by the brokers to the Defendant."). The statements made by Viking representatives in publications were not made directly to consumers and, in any case, made no specific mention of refrigerators. *See Smajlaj v. Campbell Soup Co.*, 782 F. Supp. 2d 84, 100 (D.N.J. 2011) ("[M]isrepresentations made to the public generally but not the plaintiff" do not satisfy the CFA.). Viking states on its website that "Viking commits to being a best-in-class organization with quality people nurturing a zero defect philosophy." But this is a non-specific statement about corporate philosophy made to the general public, not a specific representation about Viking's refrigerators made directly to the buyers. *See Smajlaj*, 782 F. Supp. 2d at 100; *Bonnieview Homeowners Ass'n v. Woodmont Builders, L.L.C.*, 655 F. Supp. 2d 473, 508 (D.N.J. 2009) (statement that town was "a great place to raise children" was vague and too general to be "reasonably perceived as declarations of fact."); *see also Buono Sales, Inc. v. Chrysler Motors Corp.,* 363 F.2d 43, 56 (3d Cir. 1966) ("use of the term 'best qualified' was merely puffing"). Thus, Plaintiffs have failed to identify a specific representation that Viking made directly to them or to any putative class member. *See New Hope*, 2009 WL 4282644, at *3.

At best, Plaintiffs have alleged a failure to warn claim. Indeed, Plaintiffs couch their contentions in such terms: Viking failed to "advise[] the purchasing public of the potential hazard [with their refrigerators]" or make "mention" of the refrigerator's performance on its website, and the named Plaintiffs' refrigerators contained no "cautionary notices." Compl. at ¶¶ 27, 33, 48, 84-85. But failure to warn claims fall under the PLA. *New Hope*, 2009 WL 4282644, at *2 ("Even if the seller or manufacturer fails to warn a buyer about a product's adverse effects, the buyer's lawsuit must be brought as a PLA defective warning case, not as a fraud case alleging a material omission"); *In re Lead Paint Litig.*, 924 A.2d 484, 503 (2007) (stating that a failure to warn claim "is squarely within the theories included in the PLA").

Plaintiffs' CFA claim remains subsumed by the PLA. *See Piemonte*, 2015 WL 519144 at *3. Accordingly, the Court will **GRANT** Defendants' motion to dismiss Count I. Count I is **DISMISSED WITH PREJUDICE**.

### ii. The PLA Claim (Count II)

The Court will also dismiss Count II of Plaintiffs' amended Complaint. The Court previously determined that predominance under Rule 23(b)(3) was not satisfied because causation and damages were highly individualized. *See, e.g., Piemonte*, 2015 WL 519144 at *4 ("[T]he named Plaintiffs allege widely varying damages. Two allege property damage, one alleges personal injuries based on exacerbated preexisting

conditions, one alleges loss of consortium, and two have experienced no problems with their refrigerator."). This remains true.

Plaintiffs' amended PLA claim is nearly identical to their first PLA claim. Plaintiffs have added that: (1) the named Plaintiffs' claims "reflect precisely the range of claims which could be presented by Class members, *i.e.*, where no doors have fallen off the hinges to the opposite extreme where the door has fallen and both personal injury and property damages have resulted"; and (2) the putative class members all have in common "the possession of a recalled refrigerator." *Id.* at ¶¶ 95, 97. Neither statement resolves the problem posed by Plaintiffs' original complaint. Instead, Plaintiffs have merely highlighted the vast scope of claims that exist, especially with respect to calculation of damages. *See Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1433 (2013) (Predominance is not met when questions of individual damage calculations overwhelm questions common to the class). Accordingly, the Court will **GRANT** Defendants' motion to dismiss Count II. Count II is **DISMISSED WITH PREJUDICE.**

### III.   CONCLUSION

For the reasons stated above, Plaintiffs' motion for reconsideration is **DENIED** and Defendants' motion to dismiss is **GRANTED**. The Complaint is **DISMISSED WITH PREJUDICE** as to all Defendants. *See Bonny v. Soc'y of Lloyd's*, 3 F.3d 156, 162 (7th Cir. 1993) ("A court may grant a motion to dismiss even as to nonmoving defendants where the nonmoving defendants are in a position similar to that of moving defendants or where the claims against all defendants are integrally related."). An appropriate order follows.

_____/s/ William J. Martini_____
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: September 25, 2015**